In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00444-CR
_____

TERRI LEANN DRONET, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR26673**

ORDER

In this appeal Terri Leann Dronet has challenged the voluntariness of her confession. On submission of the appeal, it became apparent that the judge who heard the motion to suppress did not make findings of fact and conclusions of law. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005). The judge who heard the motion to suppress subsequently died. On February 28, 2013, we abated the appeal and remanded the case to the trial court for further proceedings relating to a determination of the voluntariness of the appellant's confession. *See* Tex. R. App.

1

P. 44.4. Our Order of February 28, 2013 authorized the trial court to conduct a new suppression hearing at the appellant's request, but evidently the trial court was not aware that the appellant desired to have the trial court conduct a new suppression hearing when the trial court made written findings based on the record of the previous hearing. The appellant has requested a new hearing before the new judge. *See Garcia v. State*, 15 S.W.3d 533, 535-37 (Tex. Crim. App. 2000).

It is, therefore ORDERED that the appeal is abated and the case is remanded to the trial court for a new suppression hearing. The trial court shall make findings of fact and conclusions of law. *See* Tex. Code. Crim. Proc. Ann. art. 38.22, § 6. A supplemental clerk's record, containing the trial court's findings of fact and conclusions of law, together with a supplemental reporter's record of the hearing conducted by the trial court, shall be filed with the Court of Appeals by June 10, 2013. The appeal will be reinstated without further order of the Court when the supplemental record is filed.

The appellant may address the trial court's findings in a supplemental brief, which must be filed within thirty days after the supplemental record is filed. If the appellant files a supplemental brief, the State may file a supplemental brief in response, due thirty days after the appellant files her supplemental brief.

ORDER ENTERED May 2, 2013.

PER CURIAM

Before Gaultney, Kreger, and Horton, JJ.

3